**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50126 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03236-WQH |
| v. | |
| ANTONIO DIAZ-DELGADO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 8, 2011**

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

Antonio Diaz-Delgado appeals from his jury-trial conviction and 38-month

sentence imposed for being a deported alien found in the United States, in violation

of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Diaz-Delgado contends that the admission into evidence of a certificate of non-existence of record ("CNR") at trial violated his rights under the Sixth Amendment's Confrontation Clause. The admission of the CNR was harmless error because the CNR was cumulative of other evidence demonstrating Diaz-Delgado's lack of permission to re-enter the United States, including Diaz-Delgado's admission that he returned illegally, and an Immigration and Customs Enforcement Agent's testimony that there was no evidence of permission to re-enter in Diaz-Delgado's A-file or computer databases. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1161-62 (9th Cir. 2010).

Diaz-Delgado also contends that *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), effectively overruled *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), such that his prior felony conviction had to be found by a jury before subjecting him to a greater maximum sentence under 8 U.S.C. § 1326(b). The district court did not err by treating Diaz-Delgado's prior felony conviction as a sentencing enhancement and increasing his statutory maximum sentence. *See United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (holding that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court).

Finally, Diaz-Delgado contends the district court failed to properly apply the

10-50126

parsimony principle embodied in 18 U.S.C. § 3553(a).  The record reflects that the district court did not procedurally err, and that Diaz-Delgado's sentence is not substantively unreasonable in light of the totality of the circumstances.  *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

**AFFIRMED.**